## BRUNER v. CHISHOLM et al.

No. 18425.    Opinion Filed July 3, 1928.

(Syllabus.)

**Descent and Distribution—Indians—Dower —Rights of Surviving Wife Under Law in Force in Indian Territory—Right to Elect to Take Child's Part Terminated by Advent of Statehood.**

Joe Chisholm was a member of the Seminole Tribe of Indians enrolled as a half blood. He died September 18, 1902, intestate, leaving surviving him a son, John Chisholm, and his wife, Monie Chisholm. The laws of descent and distribution of Arkansas were in force in this jurisdiction at the time the husband died. The wife, on the death of the husband, inherited and had vested in her a dower estate in and to the lands of the deceased husband. The law gave the wife the privilege of electing to take a child's part if she chose to do so. She did not elect to take a child's part until long after statehood. Held, that on the advent of statehood her right of election was repealed and thereafter she could not elect to take a child's part.

Error from District Court, Seminole County; George C. Crump, Judge.

Action by Monie Chisholm against Joseph Bruner and others. From the judgment, defendant Bruner appeals. Reversed, with directions.

Hughes & Ellinghausen, for plaintiff in error.

Riley Cleveland, for defendant in error Monie Chisholm.

HEFNER, J. Monie Chisholm, defendant in error, was the plaintiff below, and Joseph Bruner, plaintiff in error, was the defendant below. The parties will be referred to as they appeared in the lower court.

The case was tried on an agreed statement of facts from which it appears that Joseph Bruner is the owner in fee simple of the 80 acres of land in controversy, subject to the interest of Monie Chisholm, the wife of the deceased allottee. Joe Chisholm was a member of the Seminole Tribe of Indians, enrolled as a half blood. He died September 18, 1902, intestate, leaving surviving him a son, John Chisholm, and his wife, Monie Chisholm. The son died August 26, 1903, in infancy. Joseph Bruner, the defendant, has acquired all the interest which descended to John Chisholm, the son. The only question left to be determined is what interest the wife. Monie Chisholm. has in the lands.

On January 29, 1927, the day this cause went to trial, 25 years after the death of her husband, she filed a supplemental petition wherein she for the first time claimed to own an undivided one-half interest in the land. Theretofore she had always claimed a dower estate in the land, which entitled her to the possession of one-third of the same during her life. This claim was made in her original petition filed herein. This interest had always been regarded by the defendant as belonging to her. The day the case went to trial, she filed, among the papers in the case, what she denominated a waiver of dower and election, which is as follows:

"Know All Men by These Presents:

"That I, the undersigned, Monie Chisholm, Okfuskee county, state of Oklahoma, do hereby and by these presents waive and relinquish my right of dower in, to and out of the following described real estate of which my husband, Joe Chisholm, Seminole Indian Roll Number 1687, died seized during his lifetime, said real estate being described as follows, to wit: The west half of the southwest quarter of section four (4), township nine (9) north, range seven (7) east, Seminole county, Oklahoma, and in lieu of my right of dower in, to and out of the above-described lands I hereby elect to take a child's part thereof, in fee simple, absolutely and in my own right, as provided by section 2599 of Mansfie'd's Digest of the Statutes of Arkansas, in force and effect at the time of the death of my said husband, the said Joe Chisholm.

"Witness my hand this 29th day of January, 1927.

"Monie Chisholm."

The waiver was acknowledged before a notary public. She based her claim to an undivided one-half interest in the property of her deceased husband, that is, a child's part, under sections 2599 and 2600 of Mansfield's Digest of the Statutes of Arkansas, which are as follows:

"Section 2599. The widow of any deceased person, who shall file in the office of the clerk of the court of probate, or with the probate court of the proper county, a relinquishment of her right of dower in and out of the estate of her deceased husband, shall be entitled to receive of the estate of which her said husband died seized and possessed, whether real, personal or mixed, a portion or share thereof, absolutely in her own right, equal to that of a child, which shall be set aside and delivered to her as now provided by law for dower."

"Section 2600. Said relinquishment shall

be in writing and acknowledged before the clerk or some justice of the peace, and filed within 60 days after the grant of letters of administration on the estate of the decedent."

Joe Chisholm, the husband, died in 1902 and at a time when the above statutes were in force in this jurisdiction. No administrator has ever been appointed. The plaintiff, when this suit was filed, claimed a dower interest in the lands and does not claim to have ever elected to take a child's part until she filed her election the day this case was tried.

Under the laws of descent and distribution of Arkansas, which were in force in this jurisdiction at the time her husband died, she inherited and had a vested right in a dower estate in and to the lands in controversy. This right was cast upon her by the statute. It was not necessary for her to elect to take the same. It was cast upon her without any act whatsoever on her part. The law at that time, however, gave her the privilege of electing to take a child's part if she chose to do so. She failed to elect to take a child's part until long after statehood. On the advent of statehood the laws were changed, and thereafter she did not have a right to elect to take a child's part. She had a vested right in her dower estate cast upon her by the law. After this right vested it could not thereafter be taken away from her by a change in the law.

A person never has a vested right in the continuance of a law; the law is always subject to change by the proper legislative authority. The law giving her a right of election was repealed before she exercised her election to take under it, and, the law being repealed, she could not thereafter elect to so take. Had she exercised her right to elect before the law was changed, a subsequent law could not thereafter take that right from her; but, not having done so before the change of the law, she did not thereafter have the right to do so.

It therefore follows that the judgment of the trial court must be reversed, with directions to set aside to the plaintiff her dower estate.

BRANSON, C. J.. MASON, V. C. J., and PHELPS, LESTER, HUNT, and RILEY, JJ., concur.

Note.—See 31 C. J. p. 524, §96.